IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
August 27, 2024 Session

## STATE OF TENNESSEE v. WILLIAM TONY BURRELL

**Appeal from the Criminal Court for Polk County**
**No. 19-CR-047      Sandra Donaghy, Judge**
_____

### No.  E2023-01404-CCA-R3-CD
_____

Defendant, William Tony Burrell, was indicted for driving under the influence (DUI), possession of a handgun while under the influence, possession of a handgun by a convicted felon, and violation of the implied consent law.  After Defendant's motion to suppress evidence obtained against him during a traffic stop that led to his arrest was denied by the trial court, Defendant entered into negotiated guilty pleas to one count of DUI and one count of possession of a handgun while under the influence.  Pursuant to the plea agreement, the parties reserved a certified question of law for appeal under Tennessee Rule of Criminal Procedure 37(b)(2).  After review, we conclude that we do not have jurisdiction to address the certified question because the certification did not meet the requirements of Rule 37(b)(2) and *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988), and we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Austin B. Hayes (on appeal, at suppression hearing, and at plea) and Matthew C. Rogers (at suppression hearing), Athens, Tennessee, for the appellant, William Tony Burrell.

Jonathan T. Skrmetti, Attorney General and Reporter; Abigail H. Rinard, Assistant Attorney General; Stephen M. Hatchett, District Attorney General; and Aaron J. Chaplin, Krista R. Cochran, and Ashley F. Zepeda, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### I. FACTS AND PROCEDURAL HISTORY[1]

On May 4, 2021, Defendant filed a motion to suppress any evidence obtained during a traffic stop that led to his arrest. In his motion, Defendant claimed that the seizure and search of Defendant and his vehicle were unconstitutional because they were conducted without a warrant, the officer lacked probable cause to initiate the traffic stop, that the stop was unjustifiably based on a vague anonymous 911 tip about a reckless driver, and that Defendant's car had been illegally blocked in during the stop.

#### A. Motion to Suppress Hearing

On August 25, 2018, an anonymous 911 caller alerted police of a speeding driver. The caller explained that he was driving "off 314 heading towards Polk County jail" when a red Chevy pickup truck sped past him "flying." According to the caller, he tried to catch the driver of the truck by speeding up to eighty miles per hour before he slowed down and called the police. The caller saw the truck's license plate number and gave the number to the dispatcher.

Officer Eric Gentry of the Benton Police Department responded to the call. He was the only witness to testify at the suppression hearing. According to the officer, when he arrived in the area, he observed a truck traveling in the opposite direction that matched the description and license plate number given by the 911 caller. Without activating his lights or sirens, the officer made a U-turn and began following the truck. With one car still between the officer's car and Defendant's truck, Defendant pulled off the road and parked in a Family Dollar store parking lot.

Officer Gentry then positioned his car behind Defendant's truck. At this point, Defendant was exiting or had exited his vehicle. The officer, without activating his emergency lights or sirens or exiting his own vehicle, turned on his dash camera video and lowered his passenger window to speak with Defendant. From his driver's seat, the officer asked Defendant if "everything's good" and Defendant responded, "Yeah." The officer further asked what occurred to cause Defendant to be "hammering down 314." Defendant responded that he "had a few drinks" and was going seventy miles per hour to pass a car. The officer asked Defendant to back away from his patrol car so that he could get out. The officer backed up his car, parked it, and continued to speak with Defendant to assess

---

[1] Due to the procedural posture of this appeal, we limit our discussion of the history of this case—the facts of which are largely undisputed—to those relevant to Defendant's certified question.

whether Defendant was under the influence. After an investigation, the officer arrested Defendant for DUI.

The crux of Defendant's motion to suppress was whether Officer Gentry parked his car behind Defendant's truck in such a way so as to "seize" Defendant and his vehicle. And, if so, whether this amounted to an unconstitutional seizure of Defendant and his truck. The officer explained that while his patrol car was parked where Defendant could not have driven away from the scene, nothing prevented Defendant from simply walking away or entering the nearby store.

Following Officer Gentry's testimony and the arguments of counsel, the trial court announced its factual findings. The court found the officer to be a credible witness. Regarding whether a seizure had occurred, the court found that the officer's patrol car blocked in Defendant's truck, and that Defendant's "vehicle had nowhere to go other than back into the officer, run up on the curb, or run into the building." After additional briefing by the parties and taking the matter under advisement, the court entered a written order denying Defendant's motion to suppress. Therein, the court reiterated its previous findings and concluded that the officer did "seize" Defendant by blocking his truck into its parking space. However, the court determined that the officer had "reasonable suspicion to detain" Defendant at that time based on the 911 call. The court further determined that when the officer "smelled alcohol on the person of the defendant, he had reason to continue the detention and expand the inquiry to further investigate."

## B. Plea and Certified Question of Law

Following the denial of Defendant's motion to suppress, Defendant entered a guilty plea pursuant to a plea agreement to DUI and possession of handgun while under the influence. The State dismissed the other two counts.[2] As part of Defendant's plea agreement, the parties reserved a certified question of law as to whether the trial court erred in denying his motion to suppress. The written agreement, which was signed by the Assistant District Attorney General, Defendant, and Defendant's trial counsel contains the hand-written notations "Explicitly Reserving Certified Question of Law" and "State explicitly agrees to reserve certified [q]uestion of law."

In fact, the "Special Conditions" section of Defendant's judgments provided that "Defendant explicitly reserves, with consent of the State of Tennessee and this Honorable Court, the right to appeal a certified question of law that is dispositive of the case."

---

[2] The trial court imposed an effective sentence of 11 months and 29 days, with all but 48 hours suspended to supervised probation. Defendant does not appeal his sentence.

Defendant's proposed certified question, which was included in a separate order, stated the following:

> Whether or not an unreasonable seizure occurred when the arresting officer blocked [Defendant's] vehicle into a parking spot based solely on uncorroborated, anonymous caller, who allegedly reported reckless driving regarding an unknown vehicle and driver.

Following entry of these judgments, Defendant filed a timely notice of appeal.

## II. LAW AND ANALYSIS

As a preliminary matter, the State contends that this appeal should be dismissed because Defendant did not properly reserve a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b). According to the State, Defendant's question, among other deficiencies, does not clearly identify the scope and limits of the legal issue reserved. We note that while the State's appellate brief put Defendant on notice of its assertion that Defendant failed to properly reserve his certified question, Defendant chose not to file a reply brief or any other pleading related to this issue.

As we explained in *State v. Hodges*,

> Jurisdiction to hear a direct appeal following a guilty plea generally must be predicated upon the provisions for reserving a certified question of law. Because of the dispensatory nature of a certified question appeal, our supreme court firmly rejected a rule of substantial compliance, *see State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003), and instead demanded strict adherence to Rule 37(b), *State v. Pendergrass*, 937 S.W.2d 834, 836-37 (Tenn. 1996).

*State v. Hodges*, No. W2023-00108-CCA-R3-CD, 2023 WL 8827191, at *2 (Tenn. Crim. App. Dec. 21, 2023). Rule 37(b) of the Tennessee Rules of Criminal Procedure provides, in pertinent part, as follows:

> **(b) When an Appeal Lies.** The defendant or the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal. The defendant may appeal from any judgment of conviction
>
> (1) on a plea of not guilty; or
> (2) on a plea of guilty or nolo contendere, if:

(A) the defendant entered into a plea agreement under Rule 11(c) but explicitly reserved-with the consent of the state and of the court-the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

> (ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

> (iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

> (iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

(Emphasis in original); *see State v. Preston*, 759 S.W.2d 647 (Tenn. 1988).

"Strict compliance . . . with the requirements of Rule 37(b) is necessary to perfect the reservation of a certified question of law and to confer jurisdiction on an appellate court following entry of a guilty plea." *State v. Herbison*, No. M2022-01359-CCA-R3-CD, 2023 WL 5846696, at *6 (Tenn. Crim. App. Sept. 11, 2023) (stating that the *Preston* requirements, that were incorporated into Rule 37, are "strictly construed") *no perm. app. filed*; *see State v. Day,* 263 S.W.3d 891, 899 (Tenn. 2008); *Armstrong*, 126 S.W.3d at 912. Our supreme court has concluded that "a substantial compliance standard would be very difficult to apply in a consistent and uniform manner, and therefore would conflict with the very purpose of *Preston*." *Armstrong*, 126 S.W.3d at 912; *Herbison*, 2023 WL 5846696 at *6. "The defendant bears the burden of ensuring that the final order complies with the requirements of Rule 37 and that the appellate record is sufficient for review." *State v. Springer*, 406 S.W.3d 526, 531 (Tenn. 2013); *see Pendergrass*, 937 S.W.2d at 837 (Tenn. 1996). The failure to properly reserve a certified question of law pursuant to Rule 37 results in a dismissal of the appeal for lack of jurisdiction. *Id.* at 838; *see Herbison*, 2023 WL 5846696 at *6.

While Defendant's certified question does include some relevant facts for this court to consider on appeal, there are no "scope and limits" of the issue reserved. *See generally* Tenn. R. Crim. P. 37(b)(2)(A)(ii); *Preston*, 759 S.W.2d at 650 (requiring that the issue be stated in such a way as "to clearly identify the scope and limits of the legal issue reserved."). "A defendant's certified issue must identify, among other things: (1) 'the reasons relied upon by defendant in the trial court' to advance the motion, and (2) the reasons 'passed upon by the trial judge' in denying the motion." *Herbison*, 2023 WL 5846696 at *7 (quoting *Preston*, 759 S.W.2d at 650); *see State v. Graves*, No. E2021-00647-CCA-R3-CD, 2022 WL 4835190, at *10 (Tenn. Crim. App. Oct. 4, 2022) (holding that a Defendant did not properly reserve a certified issue for review because the question lacked the scope and limits of the issue).

Moreover, Defendant's certified question is devoid of any of the reasons he relied upon in filing his motion to suppress. Likewise, it lacks reference to the trial court's reasons for denying the motion to suppress. *See, e.g., State v. Potts*, No. M2020-01489-CCA-R3-CD, 2021 WL 4714716, at *5 (Tenn. Crim. App. Oct. 11, 2021) (holding that a certified question is overly broad pursuant to Rule 37 and *Preston* if it requires the appellate court to "'comb the record' to discern" the reasons relied upon by the defendant and the trial court at the suppression hearing) (quoting *State v. Garrett*, No. E2018-02228-CCA-R3-CD, 2020 WL 1181805, at *3 (Tenn. Crim. App. Mar. 11, 2020)).

We conclude that Defendant's certified question lacks the required form of specificity under the Rule and our precedent and fails to articulate the legal principles upon which he relies. While Defendant's brief makes these arguments, the question he certifies lacks any mention of whether Officer Gentry had reasonable suspicion to detain Defendant, the existence (or non-existence) of the officer's independent corroboration of the allegations made by the anonymous 911 caller, or even a reference to Defendant's rights under the Fourth Amendment. Because Defendant failed to strictly comply with the requirements of Rule 37(b), we conclude that this court lacks jurisdiction to adjudicate the substance of his proposed certified question of law.

## III. CONCLUSION

In light of the foregoing, we conclude that Defendant has failed to meet the requirements set forth in Rule 37(b) of the Tennessee Rules of Criminal Procedure to properly certify his question of law.  Thus, we lack jurisdiction, and this appeal is dismissed.

_____
MATTHEW J.  WILSON, JUDGE